IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO:

| | |
|---|---|
| Silvia Rubio Gaxiola and all others similarly situated, )<br>)<br>Plaintiffs )<br>)<br>)<br>v. )<br>)<br>)<br>Williams Seafood of Arapahoe, Inc. )<br>Sherre L. Midyette, )<br>)<br>Defendants )<br>_____) | COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action for damages and declaratory relief brought by a former temporary guestworker on behalf of herself and all other similarly situated employees against her former employer. The action is based on Defendants' violations in 2005, 2006 and 2007 of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq, the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22, and the workers' employment contracts with Defendants.

2. Defendants are a seafood processing company and its corporate President, located in Arapahoe, Pamlico County, North Carolina.

3. Plaintiff seeks money damages and declaratory relief to redress these violations of the law.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff is a natural person who traveled to North Carolina from her permanent place of residence in Mexico in 2007 to work for Williams Seafood of Arapahoe, Inc. (hereinafter "Williams") as a seafood processor pursuant to a temporary foreign worker program authorized under the Immigration and Nationality Act, known as the "H-2B program." 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

8. Plaintiff and members of the proposed Plaintiff classes were employees of Defendants within the meaning of the FLSA and the NCWHA during any workweek in which they performed work for Defendants.

9. Plaintiff and other similarly situated employees of Defendants were employed by Defendants when they were engaged in the production of goods for interstate commerce or as part of an enterprise of Defendants that was engaged in interstate commerce.

10. At all times relevant to this action, Defendant Williams was and is a seafood processing corporation organized under the laws of the state of North Carolina and was and is engaged in the production of goods for interstate commerce, or was an enterprise engaged in

interstate commerce, with its principal place of business in Arapahoe, Pamlico County, North Carolina.

11. At all times relevant to this Complaint, Defendant Williams was the employer of Plaintiff within the meaning of the FLSA and the NCWHA, and was and/or is the employer of the members of the classes of workers defined in ¶¶ 31, 36 and 38 of this Complaint who performed work for Defendant Williams, within the meaning of the FLSA and the NCWHA.

12. At all times relevant to this action, Defendant Sherre L. Midyette (hereinafter "Midyette") was and is the President of Williams. Defendant Midyette is and has been the registered agent for service of process upon Williams Seafood of Arapahoe, Inc.

13. At all times relevant to this action, Defendant Midyette was the employer of Plaintiff within the meaning of the FLSA and the NCWHA, and was and/or is the employer of the members of the classes of workers defined in ¶¶ 31, 36 and 38 of this Complaint who performed work for Defendant Midyette, within the meaning of the FLSA and the NCWHA.

14. At all times relevant to this Complaint, Defendant Midyette exercised, and/or will exercise, the authority to direct, control, and/or supervise the work of Plaintiff and members of the proposed Plaintiff classes.

## FACTUAL ALLEGATIONS

15. In order to participate in the H-2B program, Defendants were obliged to apply for and obtain an Alien Employment Certification pursuant to Title 20, Code of Federal Regulations, Part 621 ("clearance order") from the U.S. Department of Labor and North Carolina Employment Security Commission. Defendants submitted H-2B clearance orders in 2005, 2006, 2007 and 2008, seeking between 65 and 85 foreign guestworkers each year.

16. In each of Defendants' applications for Alien Employment Certification with the U.S. Department of Labor, Defendants specified, and/or will specify, the minimum terms of employment which were to be offered to all seafood processors employed by them during the period stated in the application.

17. In order to employ foreign guestworkers through the H-2B program Defendants were required to pay all H-2B employees a "prevailing wage," which is identified in each clearance order, and to offer full-time work to all of its H-2B employees. Defendants certified in the clearance orders for 2005, 2006, 2007 and 2008 that "…the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work."

18. Upon information and belief, Defendants represented in each application for H-2B workers that the following terms, among others, would be offered to all H-2B seafood processing workers employed by them in 2005, 2006, 2007 and continuing thereafter:

--that workers would be paid at least a specified dollar amount per hour;

--that workers would be offered thirty-five hours of work per week during the period of the contract; and

--that the job opportunity's terms, conditions and occupational environment were not contrary to Federal, State or local law.

19. The above terms of employment constitute the basis of a contract between Defendants and their employees.

20. Defendants breached the terms of their contracts with Plaintiff and members of the Contract Class in 2007 by, among other things, offering fewer than thirty-five hours of work per week during some weeks and by failing to pay the basic rate of pay promised in the contract

4

for each hour worked. Upon information and belief, this occurred in 2005 and 2006 as well to members of the Contract Class defined in ¶ 38 of this Complaint.

21. Plaintiff and members of the Contract Class each suffered substantial damages as a result of Defendants' breach of contract .

22. Plaintiff and all proposed Plaintiff class members were required to obtain passports and visas as a condition of employment, in order to come to the United States to work for Defendants under the H-2B program.

23. Plaintiff and all proposed Plaintiff class members were also required to travel from their home villages to North Carolina, crossing the U.S.-Mexico border, as a condition of employment with Defendants under the H-2B program.

24. The charges for visa, passport, transportation, and the border crossing fees described in ¶¶ 22-23 were an incident of and necessary to Defendants' employment of Plaintiff and each member of the proposed Plaintiff classes. The expenses incurred for visas, passports and transportation of workers to the United States and the employees' border crossing fees were primarily for the benefit or convenience of Defendants.

25. Plaintiff did not pay any money out-of-pocket to obtain her passport or visa or to travel to North Carolina. Rather, Defendant Midyette arranged and paid for the costs described in ¶¶ 22-23 either herself or through an agent acting on her behalf in Mexico. Defendants then made "loan repayment" deductions from Plaintiff's paychecks to recoup the expenses described in ¶¶ 22-23.

26. Upon information and belief, some or all of the proposed Plaintiff class members did not pay for the costs described in ¶¶ 22-23 either, but rather those expense were paid directly by Defendant Midyette or an agent of Defendants'. Upon information and belief, Defendants also

made "loan repayment" deductions from the paychecks of proposed Plaintiff class members to recoup the money that Defendants had spent on the costs described in ¶¶ 22-23. Some potential Plaintiff class members may have paid money directly to Defendants in stead of, or in addition to, the "loan repayment" paycheck deductions.

27. Plaintiff and all members of the FLSA and NCWHA classes defined in ¶¶ 31 and 36 she seeks to represent had an express, constructive, or implied agreement that Defendants would pay them wages at the rate required by any applicable federal and/or state law when those wages were due for each hour or part of an hour that the Plaintiff and class members performed compensable work under the FLSA and/or the NCWHA for Defendants.

28. Upon information and belief, in some instances the weekly total for the wage deductions referred to in ¶¶ 25 and 26 above resulted in a reduction of the wages paid to Plaintiff and members of the proposed FLSA and NCWHA classes below the minimum wage rate required by the FLSA and below the promised rate required by the NCWHA.

29. Plaintiff and the members of the proposed Plaintiff classes were typically paid piece rate wages based on the number of pounds of crabmeat they removed from the crabs. However, during some pay periods Defendants paid their employees a flat hourly wage rather than a piece rate.

30. Upon information and belief, Defendants did not maintain accurate payroll records with respect to the Defendants' employment of Plaintiff and the members of the FLSA collective action of all compensable work time performed in each of those work weeks when Defendants suffered, allowed and/or required Plaintiff and each similarly situated person described in ¶¶ 31 and 36 to work for the substantial periods of time.

**FAIR LABOR STANDARDS ACT (FLSA) COLLECTIVE ACTION ALLEGATIONS**

31. The named Plaintiff seeks to bring her claims under the Fair Labor Standards Act on behalf of herself individually, and all other similarly situated employees of Defendants who worked in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b). ("FLSA class"). They seek unpaid minimum wages and liquidated damages.

32. Plaintiff and the members of the FLSA class are similarly situated. Plaintiff and other class members came to work for Defendants as H-2B workers in 2007 pursuant to a visa issued under 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Other members of the proposed FLSA class came to work for Defendants in 2005, 2006 and continuing thereafter under the same federal program. Plaintiff and FLSA class members all worked in Defendants' facility processing seafood. Plaintiff and FLSA class members were paid hourly wages and/or piece rate wages based on the number of pounds of seafood they removed from the crabs.

33. Plaintiff and the statutory class she seeks to represent under 29 U.S.C. §216(b) were each paid wages less than those required by 29 U.S.C. § 206(a) during various weeks in 2007 that they were employed by Defendants. Upon information and belief, this occurred in 2005 and 2006 as well to members of the FLSA class.

34. Plaintiff and members of the FLSA class had their pay brought below the minimum wage required by 29 U.S.C. § 206(a) as a result of deductions made by Defendants during various weeks in 2007. Upon information and belief, this occurred in 2005 and 2006 as well to members of the FLSA class. These deductions were for travel, visa, passport, and border crossing expenses, which were for the benefit of Defendants.

35. Upon information and belief, Defendants failed to keep accurate records of the daily and weekly hours they suffered or permitted Plaintiff and members of the FLSA class to work in 2005, 2006, 2007 and continuing thereafter.

## RULE 23(b)(3) CLASS ACTION ALLEGATIONS

36. The named Plaintiff also seeks to represent a class of persons under Rule 23(b)(3), Fed.R.Civ.P., for back wages, unauthorized wage deductions and liquidated damages under N.C.Gen.Stat. §§ 95-25.6, 95-25.8, 95-25.22, and 95-25.22(a1) ("NCWHA Class"). The NCWHA Class consists of all non-supervisory workers who were, are and/or shall be jointly or severally employed by Defendants at any time during the two chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, who performed and/or shall perform any work for Defendants pursuant to a labor certification and visa issued to Defendants and those workers under 8 U.S.C. § 1101(a)(15)(H)(ii)(b), and who did not receive all of their wages when they were due.

37. The NCWHA violations occurred when Defendants failed to pay the named Plaintiff and members of the NCWHA Class the promised rate for all hours worked. Said violations also occurred as a result of any wage deduction made by Defendants from the weekly wages due Plaintiff and NCWHA Class members when Plaintiff and NCHWA Class members had not signed a written authorization giving Defendants permission to make those deductions, as required by N.C.G.S. § 95-25.8.

38. The second class of persons that Plaintiff seeks to represent under Rule 23(b)(3), Fed.R.Civ.P., for damages and declaratory relief under North Carolina's common law of contract ("Contract Class"), consists of all non-supervisory employees of Defendants who were employed by Defendants for any pay period falling within the three chronological years immediately

8

preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action who were not offered at least the promised number of hours of work in any week during the weeks covered by their contract with Defendants and/or who did not receive wages at the basic rate of pay described in their contract with Defendants for each hour worked for Defendants

39. Joinder of all class members for each proposed class would be impracticable, if not impossible, based in part upon the fact that all of the proposed class members who are former employees of Defendants are migrant workers whose permanent place of residence is in Mexico and who do not speak English. Defendants requested, and were approved by USDOL to employ, 79 H-2B workers in 2008, 85 H-2B workers in 2007, 75 H-2B workers in 2006 and, 65 H-2B workers in 2005. Therefore the NCWHA Class could exceed 200 persons and the Contract Class could be as large as 300 persons.

40. The questions of law or fact which are common to the members of the NCWHA class and which predominate over any other questions affecting only individual members of the class under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are a) whether the Defendants failed to pay the named Plaintiff and the class members all the wages they had agreed to pay when those wages were due for each hour or part of an hour that each such worker was employed by the Defendants in accordance with N.C.G.S. § 95-25.6, when the Defendants made loan repayment deductions from the wages of the NCWHA class members, b) whether the transportation, passport, visa, and border crossing expenses and fees which were deducted from the weekly pay of the named Plaintiff and the members of the NCWHA Class by Defendants were primarily for the benefit of the Defendants, c) whether the Defendants failed to pay wages when due based upon the Defendants' failure to obtain a written authorization from the named Plaintiffs and each

9

NCWHA Class member in the form required by N.C.G.S. §95-25.8, and d) whether the authorization method, if any, used by the Defendants complied with the requirements of N.C.G.S. §95-25.8.

41. The questions of law or fact which are common to the members of the Contract Class and which predominate over any other questions affecting only individual members of this class under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are a) whether Defendants failed to offer at least the promised number of hours of work per week during the contract period to the named Plaintiff and the members of the Contract Class she seeks to represent and b) whether Defendants failed to pay the named Plaintiff and the Contract Class members at the basic rate of pay described in their contract with Defendants for each hour worked for Defendants.

42. The claims of Plaintiff are typical of the claims of the NCWHA Class under Rule 23(a)(3), Fed.R.Civ.P., in that Plaintiff claims Defendants failed to comply with their agreement to pay wages when due to Plaintiff and to the class members at the promised rate for work performed for the Defendants by, among other things, calculating employees' pay based on a lower hourly wage then the promised wage and/or paying employees only a piece rate which resulted in an average hourly wage for the week which was lower than the promised hourly wage.

43. Plaintiff's claims are additionally typical of the claims of that class of persons under Rules 23(a)(3) and 23(b)(3), Fed.R.Civ.P,. in that Plaintiff claims Defendants made deductions from her weekly pay and the weekly pay of the NCWHA Class members for costs which were for the benefit of the employer and that sometimes these deductions reduced Plaintiff's and the NCWHA Class members' pay below the promised wage. In addition, Plaintiff claims that Plaintiff and the NCWHA Class members had not provided any signed written

authorization to Defendants in the form required by N.C.G.S. § 95-25.8 authorizing Defendants to make any wage deduction from the weekly wages they were due during the time period that they were employed by Defendants.

44. The claims of Plaintiff are typical of the claims of the Contract Class under Rule 23(a)(3), Fed.R.Civ.P., in that Plaintiff claims Defendants failed to offer at least the promised number of hours of work per week for each week of the contract period to Plaintiff and each Contract Class member and Defendants failed to pay wages at the basic rate of pay described in their contract with Plaintiff and the Contract Class for each hour worked for Defendants.

45. Plaintiff's interests in the claims are in no way antagonistic or adverse to those of other class members.

46. Plaintiff will fairly and adequately represent the interests of the NCWHA Class of persons defined in ¶ 36 above, as well as the interests of the Contract Class defined in ¶ 38 of the Complaint. The undersigned counsel Carol Brooke is an experienced litigator who has been named counsel for many class actions involving similar claims to those raised in this action.

## **FIRST CLAIM FOR RELIEF (FLSA)**

47. Paragraphs 1 through 46 above are realleged and incorporated by reference by the named Plaintiff and each member of the collective action described in ¶ 31 which Plaintiff seeks to represent pursuant to 29 U.S.C. §216(b).

48. Defendants failed to keep proper records of daily and weekly hours worked by each of Defendants' employees in violation of 29 C.F.R. §516.2(a)(7).

49. Defendants willfully failed to pay Plaintiff and the members of the statutory class at least the required federal minimum wage for each hour or part of an hour that they worked in each workweek, in violation of 29 U.S.C. §206.

50. Defendants made unlawful wage deductions from Plaintiff and the members of the statutory class which resulted in payment of wages at a rate or in an amount less than the minimum wage rates required by the FLSA, in violation of 29 U.S.C. §206(m).

51. Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the Fair Labor Standards Act and its accompanying regulations.

52. As a result of Defendants' actions, Plaintiff and the class of similarly situated persons defined in ¶ 31 have suffered damages in the form of unpaid wages and liquidated damages that may be recovered from Defendants, jointly and severally, under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NC WAGE AND HOUR ACT)

53. Paragraphs 1 through 52 above are realleged and incorporated by reference by Plaintiff and the class defined in ¶ 36 above which Plaintiff seeks to represent.

54. Defendants failed to pay Plaintiff and the members of the class defined in ¶ 36 above at least the promised wage for each hour or part of an hour that Defendants allowed, suffered, and/or required Plaintiff and the members of the class defined in ¶ 36 above to work for Defendants for each workweek, in violation of N.C.G.S. § 95-25.6.

55. Defendants made wage deductions from the wages that were due Plaintiff and the NCWHA class when Defendants had not obtained the written authorization required by N.C.G.S. § 95-25.8(a) and/or which were unlawful under N.C.G.S. § 95-25.8(b).

56. As a result of these actions of the Defendants in violation of their rights under N.C.G.S. §§95-25.6 and 95-25.8, Plaintiff and the NCWHA Class she seeks to represent have suffered damages in the form of unpaid wages and liquidated damages that may be recovered from Defendants, jointly and severally, under N.C.G.S. §§ 95-25.22(a) and 95-25.22(a1).

## THIRD CLAIM FOR RELIEF (NORTH CAROLINA COMMON LAW OF CONTRACTS)

57. Paragraphs 1 through 56 above are realleged and incorporated by reference by Plaintiff and the Contract Class, defined in ¶ 38 of this complaint, which Plaintiff seeks to represent.

58. Defendants offered and Plaintiff and members of the Contract Class accepted employment with the Defendants on the terms as stated in ¶ 18.

59. Defendants willfully breached the agreement described in ¶ 18 above by:

-- Not providing seafood processing work for at least the promised number of hours per week for each week during the period of employment specified in the contract; and

-- Not paying the required wage per hour for each hour of work performed under the contract.

60. As a direct result of Defendants' breach, Plaintiff and Contract Class members suffered substantial injury. Defendants are therefore liable for actual and incidental damages of the breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter an order finding that this Court has jurisdiction over Plaintiff's claims;

2. Certify this action as a collective action under 29 U.S.C. § 216(b) with respect to the FLSA class defined in ¶ 31 of this Complaint;

3. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P. for back wages and liquidated damages under N.C.G.S. § 95-25.22 with respect to the NCWHA class defined in ¶ 36;

4. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P. for damages under North Carolina's common law of contracts with respect to the Contract Class defined in ¶ 38;

5. Enter a judgment against Defendants Williams Seafood of Arapahoe, Inc. and Sherre L. Midyette, jointly and severally, and in favor of the named Plaintiff and all other similarly situated employees of Defendants described in ¶ 31 of this Complaint for compensatory damages under the First Claim for Relief in an amount equal to the total of the unpaid minimum wages and unlawful wage deductions due the named Plaintiff and each of those other similarly situated employees of Defendants under 29 U.S.C. § 206(a)(1), plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

6. Enter judgment against Defendants Williams Seafood of Arapahoe, Inc. and Sherre L. Midyette, jointly and severally, and in favor of the named Plaintiff and all other similarly situated employees of Defendants described in ¶ 36 of this Complaint for compensatory damages under the Second Claim for Relief in an amount equal to the total of the unpaid wages and unauthorized wage deductions due Plaintiff and the class of workers under N.C.G.S. §§ 95-24.22(a), plus an equal additional amount as liquidated damages under N.C.G.S. § 95-25.22(a)(1) plus interest in the manner and at the rate prescribed in N.C.G.S. § 95-25.22(a);

7. Declare that Defendants breached the employment contract by failing to provide work for at least the promised number of hours per week for each week of the period of employment and by failing to pay Plaintiff and the class of persons defined in ¶ 38 at least the promised wage for every hour worked under the contract;

8. Award Plaintiff and the class of persons defined in ¶ 38 monetary damages under the Third Claim for Relief in the amount necessary to make the Plaintiffs whole under the contract;

9. Award Plaintiff the costs of this action against Defendants Williams Seafood of Arapahoe, Inc. and Sherre L. Midyette, jointly and severally;

10. Award Plaintiff reasonable attorneys fees under 29 U.S.C. § 216(b), N.C.G.S. § 95-25.22(d), and N.C.G.S. § 95-243 against Defendants Williams Seafood of Arapahoe, Inc. and Sherre L. Midyette, jointly and severally;

11. Award against Defendants Williams Seafood of Arapahoe, Inc. and Sherre L. Midyette, jointly and severally, and in favor of the named Plaintiff and the classes of workers she seeks to represent, prejudgment and post judgment interest as allowed by law; and

12. Grant such other relief as the Court may deem just and proper.

This the 1st day of August, 2008.

                Respectfully submitted,

                NORTH CAROLINA JUSTICE CENTER
                P.O. Box 28068
                Raleigh, NC 27611
                (919) 856-2165
                (919) 856-2175 (fax)

                BY:   /s/ Clermont L. Fraser
                         Clermont L. Fraser
                         919-861-0606
                         clermont@ncjustice.org.
                         Attorney at Law
                         NC Bar # 36761

/s/ Carol L. Brooke  
Carol L. Brooke  
919-856-2144  
carol@ncjustice.org  
Attorney at Law  
NC Bar # 29126