IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO: 4:08-CV-134-H3

| | |
|---|---|
| Silvia Rubio Gaxiola and all others similarly situated, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) ) |
| Williams Seafood of Arapahoe, Inc. Sherre L. Midyette, | ) ) ) |
| Defendants | ) ) |

## CONSENT DECREE

Silvia Rubio Gaxiola ("Plaintiff") instituted this action pursuant to 29 U.S.C. § 216(b), N.C. Gen. Stat. §§ 95-25.8, 95-25.22., and common law breach of contract. The Plaintiff was conditionally certified to represent a statutory class for violations of the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b) on June 17, 2009 and was certified to represent a class for violations of the North Carolina Wage and Hour Act under Rule 23, Fed. R. Civ. P., on March 1, 2011. The Plaintiff's Complaint alleged that Defendants Williams Seafood of Arapahoe, Inc., and Sherre L. Midyette engaged in certain employment practices which violated the Fair Labor Standards Act, the North Carolina Wage and Hour Act and the North Carolina common law of contracts. The Court granted partial summary judgment to Plaintiffs on most of her claims under federal and state law.

The Plaintiff, on behalf of herself and the member of the class and collective action she has been certified to represent, and Defendants (collectively, the "Consenting Parties") hereby consent to the entry by the Court of the following Consent Order, in order to resolve their differences expeditiously, to do justice for all, and to minimize further legal expense. The Consenting Parties agree that this Consent Order is being entered into for purposes of enforcement under Rule 71 of the Federal Rules of Civil Procedure and to ensure compliance with North Carolina law and federal law.

The terms of this Order shall apply to Defendants, their heirs, representatives, successors, and assigns, and shall be implemented immediately where not otherwise specifically stated.

The Consenting Parties have stipulated to jurisdiction of the Court over them and agree that the subject matter of this action is properly before the Court.

The Consenting Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Consenting Parties and the subject matter of this action and (2) the purposes and provisions of the Fair Labor Standards Act, and the North Carolina Wage and Hour Act will be promoted and effectuated by the entry of the Consent Decree.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendants will pay for, and will not seek reimbursement from their H-2B employees for, any visa fees, third-party visa processing fees, Department of Homeland Security fees, border crossing fees, or transportation costs to the United States. A statement to this

effect will be printed in all H-2B applications submitted by the Defendants, or on behalf of the Defendants, to the U.S. Department of Labor and in any recruiting materials distributed by the Defendants or their agents. Copies of all H-2B applications shall be provided by Defendants to Plaintiffs' counsel within 15 days of submitting the H-2B application to the United States Department of Labor. Copies of any recruiting materials shall be provided to Plaintiffs' counsel within 15 days of distributing the materials.

2. Defendants will keep complete and accurate payroll records, including all hours worked by employees and the basis of pay, and shall include this information on the paystubs provided to employees.

3. Defendants will comply with the North Carolina Wage and Hour Act, the Fair Labor Standards Act, and the regulations governing the H-2B visa program.

4. The term of this Decree shall be for three (3) years from its entry by the Court. The Court shall have jurisdiction to monitor the Consent Decree, enter any necessary orders, and over any action to enforce the Consent Decree. However, if any of the parties believe there has been a violation of this Consent Decree the parties agree to contact one another and confer in good faith to resolve any perceived violation(s) of its terms before asking the Court to enforce any term(s) of this Consent Decree.

SO ORDERED:

October 13, 2011
Date

[signature]
United States District Judge